Scott, J.
The strictness of the ancient practice in respect to the supervision and restraint imposed upon juries, has, in modern ■times, been everywhere much relaxed. But the extent of that relaxation is by no means uniform in the different states of this *91 country. In most of them, during the progress of a trial in a capital case, the jury is never permitted to leave the presence of the court, even on an adjournment over night, except in charge of & sworn officer, and then the jurors must be kept together. But, both in England and in this country, upon a trial for any misdemeanor, it is uniformly held to be within the discretion of the court to permit the jury to separate at adjournments, during the progress of the trial. 1 Bishop on Cr. Procedure, secs. 824, 825. A similar practice prevails in some of the states, and especially in our own, in criminal cases generally, without reference to the grade of crime. Repeated adjudications have settled the doctrine in Ohio, that in the trial of any criminal case, the court may, in its discretion, permit a separation of the jury, at any time before the case has been finally submitted to them. Sargent v. The State, 11 Ohio, 472; The State v. Engles, 13 Ohio, 490 ; Davis v. The State, 15 Ohio, 72. In the case of The State v. Engles, 13 Ohio, it was further held, that a jury may, in 'the discretion of the court, be allowed to disperse after agreeing upon and sealing up their verdict. By the code of civil procedure, section 268, the court may, in its discretion, in civil cases, permit the jury to separate temporarily, at night, and at their meals, even after the final submission of the case to the jury, and before they have agreed upon a verdict. 2 S. & C. 1023. But the discretionary power thus conferred is limited to trials in civil cases, and, until authorized by statute, was never permitted in this state while the jury were deliberating on their verdict. On the contrary, it was said by the court (Reed J.), *in delivering the opinion in Sargent v. The State, supra: “ In [91 no case can the jury, after they have retired to consider of their verdict, be permitted to separate and disperse, until they have agreed.” And a contrary practice, in criminal cases, has, we believe, never prevailed, or been sanctioned in this state. Whether in a criminal trial the defendant shall have the. benefit of those established rules, which have ever been regarded as important in securing the due administration of justice, and as necessary safeguards against the operation of improper extraneous influences, is not a question to be left to the arbitrary discretion of a court.
In the present case, the jury failed to agree upon a verdict, üntil .after they had twice been permitted, during their deliberations, to .separate and mingle with the community, without supervision or restraint. This was done in the absence and without the knowl *92 edge or consent of the prisoner. He is not to be held bound by the-consent given in his involuntary absence by counsel appointed for him by the court. Indeed, we think it improper that either he 01-his counsel should have been asked to consent to an unnecessary separation of the jury. The plaintiff in error should not be prejudiced even by a personal consent, given under circumstances when it could not be withheld, except at the risk of exciting unkind feelings in the breasts of jurors who held his fate in their hands. Bishop on Criminal Procedure, sec. 827.
We think the court erred in allowing the jury to separate during-their deliberations on their verdict, and in overruling the motion for a new trial; and, without noticing other questions presented by the record, the judgment will therefore be reversed, and a new trial* be ordered.
Day, C. J., and Brinkerhoff, Welch,, and White, JJ., concurred.